UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ARLIE TUCKER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 6:22-cv-03285-SRB |
| BPS DIRECT, LLC, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE AND PROPOSED DEADLINE TO FILE CONSOLIDATED COMPLAINT**

**I.  Introduction.**

Defendant BPS Direct, LLC ("BPS") moves, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate this action with *Tucker v. Cabela's LLC, et al.*, Case No. 6:22-cv-03288-SRB (W.D. Mo.). The two actions have common parties, identical claims, and will present the same factual and legal issues. Specifically, in both actions, plaintiff Arlie Tucker claims that BPS's and related Cabela's entities' use of session replay software constitutes "wiretapping" and violates both state and federal law. The two actions are pending in the same district, before the same judge. In fact, the two actions have already been deemed "related" under Local Rule 83.9. *See Tucker v. Cabela's LLC*, Dkts 9, 10. Consolidation will further preserve judicial resources and promote the quick and efficient resolution of these two actions. For these reasons, BPS's motion should be granted.

**II.  Argument.**

Federal Rule of Civil Procedure 42(a) authorizes courts to consolidate actions when they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "If a common question exists, the Court then balances the convenience and economy in the administration of actions achieved

through consolidation against the danger of inefficiency, inconvenience, or unfair prejudice to a party." *Schooler v. Amazon Logistics, Inc.*, 2022 WL 1175680, at *1 (W.D. Mo. Apr. 20, 2022) (quotation marks omitted) (citing *Keil v. Bearden*, 2021 WL 7708479, at *1 (W.D. Mo. Nov. 17, 2021)). Courts favor consolidation when "two cases involve common parties, overlapping legal issues, and related factual scenarios." *Id.* (citing *Keil*, 2021 WL 77088479, at *1 and *Horizon Asset Mgmt. v. H&R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009)).

Consolidation is appropriate here. As an initial matter, the *Tucker* actions involve common parties. Both actions are brought by Arlie Tucker. And the actions are filed against related defendants: BPS Direct, LLC, Cabela's LLC, and Cabela's Retail Mo, LLC are all owned (either directly or indirectly) by Bass Pro LLC. *See* Corporate Disclosure Statement, Dkt. 16; *see also* Cabela's Corporate Disclosure Statement, Case No. 6:22-cv-03288-SRB, Dkt. 13.

These two cases also share overlapping issues and factual scenarios. The two actions assert the same nine causes of action, including claims for violation of the Missouri Wiretap Act, violation of the Missouri Merchandising Practices Act, intrusion upon seclusion, trespass to chattels, violation of the ECPA, violation of the SCA, and violation of the CFAA. *See* Compl. ¶¶ 108–247; Cabela's Compl. ¶¶ 111–248. The two cases also seek to certify nearly identical classes. *See* Compl. ¶¶ 98–99; Cabela's Compl. ¶¶ 100–101. In each case, Plaintiff's claims are based on the same allegations, namely, that BPS's and Cabela's use of session replay software allegedly violates the above state and federal wiretapping laws. Plaintiff makes the same allegations about the session replay software used by BPS and Cabela's, and it is anticipated that the cases will have almost identical discovery, evidence, and witnesses. *See Schooler v. Amazon Logistics, Inc.*, 2022 WL 1175680, at *1 (W.D. Mo. Apr. 20, 2022) (consolidating cases where "the legal claims are the

2

exact same in each case" which means "that the cases will have almost identical discovery, evidence, and witnesses.").

Lastly, no party will be inconvenienced or prejudiced by consolidation. In fact, counsel for BPS and Cabela's has consulted with Plaintiff's counsel, and counsel for Plaintiff does not object to consolidation. At any rate, the two actions were filed in the same court, two days apart, and are presently at the same stage of litigation. No defendant has filed a responsive pleading, and no discovery has been exchanged. As a result, consolidation will not prejudice either party. *See City of Creve Coeur, Missouri v. DirecTV, LLC*, 2019 WL 3604631, at *3 (E.D. Mo. Aug. 6, 2019) (finding that "no party will be unfairly inconvenienced or prejudiced" because "both cases are at the same stage in litigation because both cases were initially filed in state court on the same day, removed to federal court within days of each other, no defendant has filed an answer, and no discovery has been exchanged.").

In light of the factual, legal, and evidentiary overlap between the two *Tucker* actions, consolidation would not only reduce costs for the parties, but also save the parties and the Court an immense amount of time. *See id.*; *see also Keil*, 2021 WL 7708479, at *1 (consolidating cases and noting that "were the Court to hear four separate trials, much of the testimony at each trial would be duplicative of the testimony at the remaining trials, meaning that consolidating the cases would save significant time and resources."). Consolidation would also "avoid potentially conflicting rulings" between the two related cases. *See DirecTV, LLC*, 2019 WL 3604631, at *3. For these reasons, consolidation is appropriate.

### III. Conclusion.

BPS respectfully requests that its unopposed motion to consolidate be granted. Should the Court grant BPS's motion, the parties request that Plaintiff be given leave to file a consolidated complaint 30 days after the Court rules on this motion. The parties further request that the

Defendants' (including BPS and Cabela's) deadline to file a responsive pleading be extended to 30 days after Plaintiff files a consolidated complaint, or, if no consolidated complaint is filed, 60 days after the Court rules on the present motion. Lastly, if a consolidated complaint is filed, the parties request that they be allowed to exceed the page limits imposed by the Local Rules, as follows:

    Defendant's motion to dismiss: 25 pages

    Plaintiff's response: 25 pages

    Defendant's reply: 12 pages.

January 17, 2023

Respectfully Submitted,

By: */s/ Jason R. Scott*
Jason R. Scott (MO Bar # 61200)
Anna A. El-Zein (MO Bar #70953)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
jscott@shb.com
aelzein@shb.com

-and –

Alfred J. Saikali (*pro hac vice* forthcoming)
Jennifer A. McLoone (*pro hac vice forthcoming*)
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470
asaikali@shb.com
jmcloone@shb.com

*Attorneys for Defendant BPS Direct, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, the foregoing document was filed with the Court through the CM/ECF system, which will send notice to the following counsel of record:

Tiffany M. Yiatras
Consumer Protection Legal, LLC
308 Hutchinson Road
Ellisville, MO 63011-2029
314-541-0317
Fax: 855-710-7706
tiffany@consumerprotectionlegal.com

*Attorney for Plaintiff*

                                         */s/ Jason R. Scott*
                                         Jason R. Scott

                                         *Attorneys for Defendant BPS Direct, LLC*